UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO. 21-CR-20252-WILLIAMS

UNITED STATES OF AMERICA,

 Plaintiff,

v.

FRANCISCO JUNIOR LOUIS,

 Defendant.

_____ /

## ORDER

**THIS MATTER** is before the Court on the Motions to Dismiss entered by Defendant Francisco Junior Louis ("***Defendant***" or "***Mr. Louis***") on June 23, 2022 (DE 142) ("***Motion***") and August 1, 2022 (DE 144) ("***Amended Motion***") (collectively, "***Motions***").[1] The Government only filed a response to the Amended Motion (DE 146), and Mr. Louis replied (DE 149). On September 19, 2022, Mr. Louis filed a notice of supplemental authority (DE 160). Then, the Government filed a notice of supplemental authority (DE 161) on October 18, 2022, to which Mr. Louis filed a response (DE 162). The Government again filed a notice of supplemental authority on November 9, 2022 (DE 164), to which Mr. Louis filed a response (DE 165). On November 15, 2022, the Government filed its third notice of supplemental authority (DE 166), to which Mr. Louis responded

---

[1] Mr. Louis signed the *pro se* Motion on June 23, 2022: the Motion asserts several arguments in favor of dismissing the indictment, including that the Supreme Court's decision in *United States v. Taylor* impacts the analysis of whether a Hobbs Act charge pursuant to 18 U.S.C. § 1951(a) is a predicate crime of violence in satisfaction of 18 U.S.C. § 924(c). (DE 142 at 1.) The Clerk of Court date-stamped the motion as filed on June 28, 2022. The Supreme Court issued its opinion in *United States v. Taylor*, 142 S. Ct. 2015 (2022) on June 21, 2022, just two (2) days prior to the date Mr. Louis signed the Motion and seven (7) days prior to when the Clerk docketed the Motion.

The Government failed to file a response to Mr. Louis' Motion. The Government did file a response to the Amended Motion (DE 146), but failed to address the jury instruction argument presented by the Amended Motion. (*Compare* DE 144 at 10–14, *with* DE 146 (arguing the Eleventh Circuit pattern jury instructions permit "a *completely non-violent* commission of a Hobbs Act robbery . . . based upon the plain language of its own pattern instruction.").)

(DE 167). The Government then filed objections to the presentence investigation report (DE 171), and a notice of objection to the Court's pre-ruling (DE 176). For the reasons stated on the record during the January 4, 2023 sentencing (DE 173) and the continued January 13, 2023 sentencing (DE 177) (collectively, "***Sentencing***"), and as set forth in the Motion and Amended Motion, as well as in the subsequent briefing on the Motions, the Court construes the Motion and Amended Motion pursuant to Federal Rule of Criminal Procedure 34 ("***Rule 34***") and **GRANTS IN PART AND DENIES IN PART** the Motion (DE 142) and **GRANTS** the Amended Motion (144). Consequently, the Court dismisses Counts 2, 4, 6, 8, 10, and 12—the 18 U.S.C. § 924(c)(1)(A)(ii) Counts—of the Indictment (DE 25).

As discussed by the Court during Sentencing and as argued by Mr. Louis in the Amended Motion (DE 144 at 10–14), the Eleventh Circuit Pattern Jury Instruction O70.3—given to the jury in this matter—expanded the elements of Hobbs Act robbery, 18 U.S.C. § 1951(a), to the extent that the offense was categorically overbroad relative to the elements of 18 U.S.C. § 924(c)(3), which defines a "crime of violence" as required by § 924(c)(1)(A)(ii). Accordingly, the Court does not have jurisdiction to issue judgment as to the categorically overbroad offenses, because such overbroad offenses are not "offenses against the laws of the United States" pursuant to 18 U.S.C. § 3231. As instructed, the jury was presented with a categorically overbroad Hobbs Act robbery offense, which allowed for the commission of Hobbs Act robbery by "'fear,' mean[ing] a state of anxious concern, alarm, or anticipation of harm. ***It includes the fear of financial loss as well as fear of physical violence***." (DE 111 (emphasis added).) The jury instruction expanded the elements of a § 924(c)(3) crime of violence, which is an offense that "has as an element the use, attempted use, or threatened use of physical force against the person or property of another" by allowing the jury to convict Mr. Louis for "fear of financial loss as well as fear of physical violence" in addition to the "use, attempted use, or threatened use of physical force . . . ." *Compare* § 924(c)(3), *with* 11th Cir. Pattern Jury Instruction O70.3 (Mar. 2022).

The Parties had notice of the potential infirmity regarding Eleventh Circuit Pattern Jury Instruction O70.3, but nevertheless proposed and approved that very instruction. (DE 49 at 22); *Davenport v. United States*, No. 16-15939, DE 11 at 6–8 (11th Cir. Mar. 28, 2017) (putting future litigants on notice that the Eleventh Circuit's pattern jury instructions may extend the elements of Hobbs Act robbery pursuant to the categorial approach). Trial proceeded, the Court gave the instruction, and the jury returned its verdict convicting Mr. Louis on all counts. (DE 111; DE 115.) However, prior to sentencing in this matter, the Supreme Court issued its opinion in *United States v. Taylor*, 142 S. Ct. 2015, 2024–25 (2022), which requires the use of the categorial approach when interpreting Hobbs Act robbery charges. *Id.*; *see also United States v. Jackson*, 55 F.4th 846, 850 (11th Cir. 2022) (holding that a prior state offense cannot serve as an Armed Career Criminal Act ("**ACCA**") predicate offense if the state law under which the prior offense was charged is categorically broader than the respective ACCA provision); *United States v. Lockett*, 810 F.3d 1262, 1268 (11th Cir. 2016) (discussing interpretation of divisible and indivisible statutes); *Mathis v. United States*, 579 U.S. 500, 517–19 (2016) (distinguishing between the elements and means of a crime). The Supreme Court issued its opinion in *Taylor* on June 21, 2022. On June 23, 2022, Mr. Louis filed the *pro se* Motion, citing to the Supreme Court's opinion in *Taylor*. On August 1, 2022, with the assistance of counsel, Mr. Louis filed the Amended Motion, which sought relief pursuant to Federal Rule of Criminal Procedure 12(b)(2), and again cited *Taylor* as intervening precedent. (DE 144 at 1, 6.)

As discussed during Sentencing, the Court construes the Motion and Amended Motion as properly presented pursuant to Rule 34. Fed. R. Crim. P. 34 ("**_Upon the defendant's motion or on its own_**, the court must arrest judgment if the court does not have jurisdiction of the charged offense . . . .") (emphasis added); *United States v. Sisson*, 399 U.S. 267, 276 (1970) (discussing a district court's authority pursuant to Rule 34); *Carlisle v. United States*, 116 S. Ct. 1460, 1477 (1990) (Stevens, J., dissenting) (discussing a district court's authority to arrest judgment pursuant to Rule 34); *see also Carlisle*, 116 S. Ct. at 1469–70 (discussing the procedural posture of *United*

*States v. Sisson*). Given the categorically overbroad nature of the Hobbs Act robbery charges relative to § 924(c)(3), judgment on the six (6) counts in the Indictment (DE 25) charging Mr. Louis with Brandishing a Firearm in Furtherance of a Crime of Violence pursuant to 18 U.S.C. § 924(c)(1)(A)(ii) is properly arrested pursuant to Rule 34 for lack of jurisdiction, and the Court dismisses those Counts. Following *Taylor*, the Court is constrained from entering judgment on categorically overbroad Hobbs Act robbery counts, as exist here due Eleventh Pattern Jury Instruction O70.3.[2] *See Neder v. United States*, 527 U.S. 1, 8–10 (1999) (holding that some constitutional errors defy "harmless-error" review and that such errors "infect the entire trial process and necessarily render a trial fundamentally unfair" whereas other errors are subject to "plain error" review; and that an erroneous jury instruction such as a misdescription, omission, or a conclusive presumption "precludes the jury from making a finding on the *actual* element of the offense") (internal citation omitted); *Sullivan v. Louisiana*, 508 U.S. 275, 278, 281 (1993) (holding that a jury instruction error was not subject to harmless-error review because it "vitiate[d] *all* the jury's findings").

Accordingly, the Court arrests judgment pursuant to Rule 34 for lack of jurisdiction as to Counts 2, 4, 6, 8, 10, and 12 of the Indictment (DE 25), and dismisses those Counts. The Court will separately enter the Judgment and Commitment in this matter.

**DONE AND ORDERED** in Chambers in Miami, Florida, this 27th day of February, 2023.

KATHLEEN M. WILLIAMS
UNITED STATES DISTRICT JUDGE

---

[2] It is clear that the jury in this case was focused on and questioned the meaning of the jury instructions given. (DE 116.) For example, the jury asked whether "[i]s interstate referring to the operation of the overall company T-Mobile which owns Metro by T-Mobile or does it refer to the individual store?" (*Id.* at 1.) The Court directed the jury, with the Parties' consent, to the at-issue jury instruction.